**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO. 07-04091 (BKT)** |
| **SYROCO INC.** | **Chapter 11** |
| | **FILED & ENTERED ON 08/22/2007** |
| **Debtor** | |

**OPINION AND ORDER**

### I.  Facts

The debtor filed a voluntary petition for relief on July 23, 2007, under Chapter 11 of Title 11 of the United States Bankruptcy Code (See Dkt. No 1). The debtor has continued to operate its business as debtor-in-possession (hereinafter "DIP").

On July 23, 2007, the DIP filed a Motion for Entry of (A) Bridge Order and (B) Final Order (i) Prohibiting utilities from discontinuing, altering or refusing service, (ii) establishing procedures for providing deposits to utilities, (iii) deeming utilities to have adequate assurance of payment, and (iv) establishing procedures for resolving requests for additional assurance pursuant to 11 U.S.C. §105(A) & §366 (hereinafter "Utilities Motion") (Dkt. No. 7). The DIP in its Utilities Motion provides all of their utility companies with a security deposit equal to the current average cost of two weeks service.

On July 30, 2007 and August 10, 2007, respectively, National Grid USA and City of Siloam Springs filed objections to DIP's Utilities Motion. Both of these objections have since been resolved.

In the Utilities Motion, DIP requests that an order be entered establishing that the two weeks deposit offered be deemed as adequate assurance for the remaining utility companies that failed to reply or object to the motion.

This Court set a final hearing on DIP's Utilities Motion for August 21, 2007.

**II.     Discussion**

The main issue this Court must decide is if the injunction created by Section 366(c)(2) can be continued by DIP's Utilities Motion against the utility companies that failed to reply or object to DIP's proffer. In other words, whether the failure to reply, object or counter-demand by the rest of the utility companies can be considered a tacit acceptance of DIP's proposed cash deposit as adequate assurance of payment satisfactory to the utility according to Section 366(c)(2).

The only published case found to have interpreted this code section is In re Lucre, Inc., 333 B.R. 151 (Bkrtcy.W.D.Mich., 2005). That case held that a Bankruptcy Court had no discretion, under BAPCPA, to continue for more than thirty days after the petition date, the automatic injunction against utility providers' termination of their service to the DIP, simply because providers had failed to respond to the DIP's offers of adequate assurance of payment. Furthermore, the court stated:

> "… subsection (c)(3) does give the trustee or debtor in possession the right to have the adequate assurance payment modified by the court. This right arises only after the adequate assurance payment has been agreed upon by the parties. In other words, the trustee or debtor in possession has no recourse to modify the adequate assurance payment the utility is demanding until the trustee or debtor in possession actually accepts what the utility proposes." In re Lucre, at 154.

We decline to follow the Lucre case because it is unreasonable to conclude that is what Congress intended the result to be. Aroostook Band of Micmacs v. Ryan  484 F.3d 41, *61 (1st cir., 2007), citing Cf. Griffin v. Oceanic Contractors, 458 U.S. 564, 575 (1982), ("Interpretations of a

statute which would produce absurd results are to be avoided if alternative interpretations consistent with legislative purpose are available.").

The legislative history of Section 366 establishes that the enactment of this section was to protect debtors form a cut-off of service by a utility because of the filing of the petition. H. Rept. No. 95-595 to accompany H.R. 8200, 95th Cong., 1st Sess. (1977) p. 350). The clear language of the amendments to Section 366 and the brief legislative history1 does not prohibit the bankruptcy court from entering orders continuing the injunction in favor of debtors when the utility companies failed to reply or affirmatively accept what the DIP proposed as satisfactory assurance of payment. A contrary interpretation would make it impossible for the DIP to satisfy Section 366 prior to the termination of the injunction period, when a utility company maintains silence.

It is a well recognized legal concept that silence can be interpreted as acquiescence. Especially, where the debtor has given notice of its emergency Utilities Motion to all creditors and parties in interest, notice of the emergency hearing thereon, notice of the Bankruptcy Court's interim order and notice of the final hearing. Therefore, it would not be an unreasonable interpretation of Section 366(c) to conclude that the lack of objection, response or counter-demand by certain utility companies prior to the expiration of the thirty-day injunction, is acceptance of the DIP's offer as

---

1 **Act April 20, 2005:** Utility Service. Section 417 amends section 366 of the Bankruptcy Code to provide that assurance of payment, for purposes of this provision, includes a cash deposit, letter of credit, certificate of deposit, surety bond, prepayment of utility consumption, or other form of security that is mutually agreed upon by the debtor or trustee and the utility. It also specifies that an administrative expense priority does not constitute an assurance of payment. With respect to chapter 11 cases, section 417 permits a utility to alter, refuse or discontinue service if it does not receive adequate assurance of payment that is satisfactory to the utility within 30 days of the filing of the petition. The court, upon request of a party in interest, may modify the amount of this payment after notice and a hearing. In determining the adequacy of such payment, a court may not consider: (1) the absence of security before the case was filed; (2) the debtor's timely payment of utility service charges before the case was filed; or (3) the availability of an administrative expense priority. Notwithstanding any other provision of law, section 417 permits a utility to recover or set off against a security deposit provided prepetition by the debtor to the utility without notice or court order. (H. Report No. 109-31 to accompany S. 256, 109th Cong., 1st Sess. (2005) p.89; available at 2005 U.S.C.C.A.N. 88, at 155.) BKRSERVICE § 21:715.

satisfactory. It is noteworthy that any utility company subject to this opinion and order still has the ability to request modification of the amount of assurance of payment at any time upon a request after notice and a hearing, pursuant to Section 366(c)(3)(A).

It is our interpretation that congress did not intend to make the DIP lose the protection created by the injunction of Section 366 merely by the utility companies failing to respond or affirmatively accept the offer of adequate assurance of payment presented by the DIP.

**III.    Conclusion**

Therefore, proper notice having been given and no objection or counter-demand having been filed, the proposed amount by DIP as adequate assurance is granted as being satisfactory to the silent utility companies pursuant to Section 366(c)(2).

**SO ORDERED.**

**San Juan, Puerto Rico, this 22nd  day of August, 2007.**

**BRIAN K. TESTER**
**U.S. Bankruptcy Judge**

**C:     ALL CREDITORS**